IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JASON CREWS, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| SYNERGY MARKETING ASSOCIATES, INC., | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

Plaintiff JASON CREWS (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Synergy Marketing Associates, Inc. ("Synergy") to market its services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3. Mr. Crews also alleges that Synergy and its telemarketers use automated systems to make telemarketing calls into Florida, and that by doing so, Synergy has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Jason Crews is an individual located in the District of Arizona.

7. Defendant Synergy Marketing Associates, Inc. is an Oakland Park, Florida company that makes telemarketing calls from this District itself and through its vendors.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court has supplemental jurisdiction over the state law claims since they relate to the same telemarketing campaign.

9. This Court has general personal jurisdiction over Synergy because Synergy is headquartered and has its principal place of business in Oakland Park, Florida.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent from this District.

## TCPA BACKGROUND

Calls Made Using a Pre-Recorded Message

11. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The Florida Telephone Solicitations Act

3

15. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

16. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

17. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

18. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

19. Defendant Synergy is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. At no point has the Plaintiff consented to receive telemarketing calls regarding Defendant's goods or services prior to receiving the pre-recorded calls at issue.

Call to Plaintiff

21. Mr. Crews' cellular telephone number is (602) XXX-XXXX.

22. That cellular telephone number is a residential telephone line used by Mr. Crews for personal calls.

23. That telephone number is not associated with a business.

24. Despite that, Mr. Crews received a pre-recorded telemarketing call from or on behalf of Synergy on at least November 24, 2023 at 2:17 PM from the Caller ID 888-839-3536.

25. When Plaintiff answered, a recorded message played. The pre-recorded call stated:

```
Dental Care, eyeglasses and other pharmacy needs. To check your
eligibility, simply call back on this number or call 833-562-0947 from
Monday to Friday 9am to 6pm Eastern Standard Time, or 6am to 3pm Pacific
Standard Time. Imagine having most of your medical needs including
dental care, eyeglasses, and other essential needs paid for at little to
no cost. This could free up your finances to spend on groceries, rent,
bills and other essential day-to-day expenses. Did you know 86% of
individuals qualify for immediate assistance through this program?
However, millions might not be aware they're eligible. But keep in mind
not everyone is eligible. Once again, to check your eligibility simply
call back on this number or call 833-562-0947 from Monday to Friday 9am
to 6pm Eastern Standard Time, or 6am to 3pm Pacific Standard Time. Thank
you and have a wonderful day.
```

26. The call was clearly pre-recorded because (a) the robot's recording appears to have been in the middle of a sentence, (b) the robot had a generic, monotone voice, and (c) it would be illogical for a human to call someone and then say they can be reached at a telephone number and pitch a script without engaging in dialogue.

27. Because, illegally, no caller was identified, the Plaintiff called the 833-562-0947 number requested on the call to identify the caller calling him illegally and for no other reason.

28. When Plaintiff called the number, Plaintiff heard the exact same robotic voice instructing him to "press 1" to speak about affordable care act health insurance plans.

29. The Plaintiff pressed 1. The robot then asked him for his zip code, age, and other information to determine eligibility. He was then transferred to the "$1,400 subsidy program by the Affordable Care Act."

5

30. Upon transfer, Plaintiff was played hold music and eventually spoke with an agent of the Defendant, Zacari Lundy, who tried to take his information and sell him health insurance.

31. During the call, the Plaintiff said, "I don't want to keep you on the phone. I'll look into this. Do you have a callback number?"

32. Zacari stated that Plaintiff could simply call back the number.

33. Yet the other calls were made.

34. Plaintiff received three text messages from Zacari from the caller ID 954-884-8370. They included a link to the National Insurance Producer Registry, Zacari's license number, W913105, and information about Zacari's callback number, 954-697-9975 asking if any of Plaintiff's family or friends were interested in health insurance.

35. The calls continued. Plaintiff received a call on November 25, 2023 at 11:38 AM from the caller ID 844-203-8994 from Zacari again to sell him health insurance.

36. During this call, Plaintiff explicitly requested to be placed on the Defendant's do not call list and request a copy of the Defendant's do not call policy, but never received it.

37. After receiving the call, the Plaintiff contacted Sunshine State Health Plan, and received a response from Centene Corporation, the parent company for Sunshine State Health Plan, the insurance company whose policies Zacari sold.

38. In response to the inquiry for the brokerage with which Zacari Lundy was associated, Quinn Henderson, general counsel for Centene, stated that "Zacari Lundy is/was associated with Synergy Marketing Associates, Inc."

39. Furthermore, when the number provided by Zacari Lundy, 954-697-9975, is called back, the number connects to representatives who confirm they are with Synergy.

40. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

42. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) either Defendant (or an agent acting on behalf of either Defendant) placed a telemarketing call (3) from four years prior to the filing date of this Complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Synergy's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

43. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes as he has no interests that conflict with any of the class members.

44. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

45. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

46. This Class Action Complaint seeks injunctive relief and money damages.

47. The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

48. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

49. The joinder of all Class members is impracticable due to the size of the Classes and relatively modest value of each individual claim.

50. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

51. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

   (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

   (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

   (c) whether Defendant's conduct constitutes a violation of the TCPA;

   (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

   (e) whether Defendant Synergy is vicariously liable for calls placed by telemarketing vendors, if any.

52. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

53. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

55. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(b) on behalf of the Robocall Class**

56. Plaintiff incorporates the allegations in paragraphs 1-55 as if fully set forth herein.

57. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

58. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

60. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION

**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

61. Plaintiff repeats and incorporates the allegations set forth in the paragraphs 1-55 as if fully set forth herein.

62. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

63. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

64. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

10

65. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

66. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

67. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

68. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Classes the Court deems appropriate, finding that

Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

   D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: December 26, 2023   PLAINTIFF, individually and on behalf of all others similarly situated,

            */s/ Avi R. Kaufman*
            Avi R. Kaufman (FL Bar no. 84382)
            kaufman@kaufmanpa.com
            Rachel E. Kaufman (FL Bar no. 87406)
            rachel@kaufmanpa.com
            KAUFMAN P.A.
            237 South Dixie Highway, 4th Floor
            Coral Gables, FL 33133
            Telephone: (305) 469-5881